Dear Ms. LeBlanc:
On behalf of the Ascension Parish Council, you have requested an Attorney General's opinion regarding the costs associated with the demolition or removal of condemned buildings or structures. According to your correspondence, the Ascension Parish Code of Ordinances provides the Parish with a lien and privilege for the cost of demolishing or removing a condemned building or structure against the property and improvements upon which the building or structure is located.
Specifically, the Council presents two issues for our review: (1) whether the costs associated with the demolition can be added to the tax notice sent to the owner of the property, and (2) what bearing the homestead exemption would have on such a practice.
Before addressing the issues presented by the Council, we note for your attention that we are not in a position to examine and opine upon the Ascension Parish Code of Ordinances. In your capacity as counsel to the Parish, we rely upon your advice regarding the contents of the Code of Ordinances.
Regarding the Council's first question, your attention is directed to La. R.S. 33:4754. La. R.S. 33:4754B authorizes the governing authority of Ascension Parish to adopt ordinances, rules and regulations pertaining to condemnation and demolition of unsafe buildings and structures within the parish, and also provides a method by which the parish can obtain a lien and privilege against property that is condemned in this manner. La. R.S. 33:4754C pertinently provides:
 "(1) After the municipality or parish has levied such fine or fines or incurred such costs as constitute the lien and privilege on the property, the director of finance or the equivalent officer may add said amounts to the next ad valorem tax bill of the owner, and said amount shall be subject to the same interest and penalties as delinquent ad valorem taxes.
 "(2) If within six months after the filing of the lien provided for in Subsection B of this Section, the property owner fails to pay such lien and any interest thereon, the director of finance or the equivalent officer of the municipality or parish may offer for sale and subsequently sell or otherwise convey such property. The procedure for notice, advertisement, and sale of the property shall be governed by the law applicable to the sale of real property for delinquent municipal or parish taxes . . .". (Emphasis added).
Also pertinent is La. R.S. 47:2101.1, which provides that all liens imposed upon immovable property in accordance with La. R.S.33:4754:
 ". . . shall be included in the ad valorem tax bill and shall be paid along with such taxes. Failure to pay the liens shall cause the immovable property to be subject to the same provisions of law as govern tax sales of immovable property."
In our opinion, costs incurred by parishes under ordinances adopted pursuant to La. R.S. 33:4754 for the demolition or removal of a condemned building or structure should be included on the ad valorem tax bill of the owner of the property.
With regard to the Council's question about the homestead exemption, we direct your attention to La. Const. Art. VII, Sec.20, which provides that property which is the subject of the homestead exemption is "exempt from state and parish ad valoremtaxes." Since the costs associated with the demolition and removal of condemned buildings and the liens arising therefrom are not ad valorem taxes, the question of whether or not property is subject to the homestead exemption is irrelevant to the collection of those costs. In our opinion, La. R.S. 33:4754 and 47:2101.1 provide authority for Ascension Parish to enforce collection of those costs against the owner of the property by including same on an ad valorem tax bill, even if no ad valorem taxes are due, and by enforcing payment in the same manner as the payment of ad valorem taxes is enforced.
If the District Attorney or the Council have any other questions, please do not hesitate to contact this office.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _____________________________ JEANNE-MARIE ZERINGUE BARHAM Assistant Attorney General
RPI:JMZB:jv
DATE RECEIVED: 2/4/99 DATE RELEASED:
JEANNE-MARIE ZERINGUE BARHAM ASSISTANT ATTORNEY GENERAL